IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
| $90,000 IN U.S. CURRENCY, | * |
| Defendant. | * |
|  | * |

CIVIL NO.: WDQ-11-2210

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Government seeks to recover $90,000 in U.S. Currency
which it asserts was the product of illegal drug trafficking.
Pending are the Government's motion to dismiss Latia Bowles's
claim against the defendant property for lack of standing and to
strike portions of the answer as frivolous, the Claimant's
counsel's motion to withdraw appearance, and the Government's
motion for summary judgment.  No hearing is necessary.  *See*
Local Rule 105.6 (D. Md. 2011).  For the following reasons, the
Government's motion to dismiss will be granted in part and
denied in part, counsel's motion to withdraw will be granted,
and the Government's motion for summary judgment will be
granted.

I.   Background[1]

On January 8, 2011, the Baltimore County Police Department responded to gunshots at 9809 Langs Road, Baltimore, Maryland. ECF No. 1 at 5.[2]  The police discovered Nathan Bowles's body in the stairway to Apartment 1. *Id.*  Bowles died of a gunshot wound. *See id.*  The police obtained a search warrant for Bowles's residence. ECF No. 21-4 at 4.  During the warrant, "investigators recovered approximately one ounce of marijuana, digital scales, drug packaging materials, luggage that contained dryer sheets, a handgun, and documents." *Id.*  The police believed that Bowles had been killed in a drug deal. *See id.* at 4-5, 10-12.

During the investigation, the police interviewed Michael Fleetwood. *Id.* at 5.  Fleetwood admitted that he was a drug runner for Bowles, and Bowles was a marijuana dealer. *Id.*

---

[1] The facts are taken from the verified complaint for forfeiture, ECF No. 1; the Government's motion to dismiss, ECF No. 20; the Claimant's opposition, ECF No. 21; counsel's motion to withdraw, ECF No. 22, the Government's motion for summary judgment, ECF No. 23; and their supporting exhibits.

In reviewing a motion for summary judgment, the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[2] This information is taken from the declaration of Special Agent Gwendolyn Price of the Drug Enforcement Administration.  ECF No. 1 at 5.  Special Agent Price states that the shooting was on January 10, 2011; however, all other filings in this case agree that the shooting was on January 8, 2011, and the rental car was searched on January 10, 2011. *See* ECF Nos. 20 at 1; 21-4 at 4.

Fleetwood asserted that he had rented a Honda for Bowles so that he and Bowles could travel to New York. *Id*. During an unrecorded portion of the interview, the Government contends that Fleetwood admitted that the trip to New York was for Bowles to buy drugs. *See id.*

During the interview, the police allowed Catherine Seale, Bowles's sister, to enter the interview room and speak with Fleetwood. *Id*. The police observed Seale and Fleetwood communicate in hand motions. *See id*. Seale and Fleetwood also mentioned a rental car. *Id*. Fleetwood gave Seale a set of keys.

The police also received an anonymous tip about the homicide. *Id*. at 11. The caller knew information about the homicide that was later confirmed by investigators.[3] *Id*. at 11-12. The caller also stated that Bowles was a known drug dealer. *Id*. Investigators also received information that Bowles had been seen placing a bag in a Honda just before he was killed. ECF No. 1 at 6.

The police "seized [the Honda] from the parking lot outside of the crime scene." ECF No. 21-4 at 5. They obtained the keys

_____

[3] The caller knew of the homicide and its location, asserted that Quincy Jackson shot Bowles because Bowles was having an affair with Jackson's wife, and knew of a prior incident during which Jackson had threatened Bowles with a gun over the affair. *See* ECF No. 21-4 at 11-12. Jackson was convicted of the homicide. *See* ECF No. 20 at 1.

from Seale. *Id*. On January 10, 2011, the police executed a
search warrant for the car. *Id*. Inside a canvas bag found in
the car, the police recovered $90,000 in U.S. currency. *Id*.
The currency was separated into ninety $1,000 bundles. *Id*. A
criminal history check of Fleetwood and Bowles revealed prior
drug offenses. ECF No. 1 at 6. Neither Fleetwood nor Bowles
had any reportable income. *Id*. The Government "deemed [the
$90,000] to represent drug proceeds, and . . . believed that it
was intended to be used to facilitate drug trafficking . . . ."
ECF No. 21-4 at 5. The police never conducted an investigation
of Bowles. *Id*. at 13.

On August 9, 2011, the Government filed a complaint for
forfeiture against the $90,000. ECF No. 1. On September 9,
2011, Latia Bowles (the biological daughter of Bowles) and
Catherine Seale (as the personal representative of Bowles's
estate ("the Estate")) filed claims for the property. ECF No.
4. The Estate and Latia Bowles filed a joint answer. ECF No.
7. In their answer, they asserted that the Court lacked *in rem*
jurisdiction,[4] the Court was the improper venue,[5] and the

---

[4] ECF No. 7 ¶ 2.

[5] *Id*. at ¶ 3.

Government was barred from claiming the defendant property by the statute of limitations, estoppel, laches, and waiver.[6]

On November 10, 2011, the Court stayed the forfeiture proceedings until the criminal trial of Quincy Jackson was completed.  ECF No. 12.  On May 30, 2013, the stay was lifted. ECF No. 17.  On January 31, 2014, the Government filed a motion to dismiss Latia Bowles's claim for lack of standing and to strike portions of the answer as frivolous.  ECF No. 20.  On February 14, 2014, the Estate filed its opposition.  ECF No. 21. The Government did not file a reply.

On April 21, 2014, the Government sent the Estate discovery requests which included requests for admissions.  ECF No. 23 at 2.  Claimant's counsel mailed the discovery requests to Seale and included a date on which counsel and Seale were to meet "to be utilized for finalizing written discovery responses."  ECF No. 22 at 2.  Seale never responded to the letter and missed the appointment.  *Id.*  Counsel attempted unsuccessfully to contact Seale by phone and through the mail.[7]  *Id.*  On August 23, 2014, after not hearing from Seale for six months, Claimant's counsel filed a motion to withdraw appearance.  ECF No. 22.

---

[6] *Id.* at ¶¶ 16-19.

[7] Counsel informed Seale that he would be filing a motion to withdraw, and she should contact him immediately.  ECF No. 22 at 2.

On August 25, 2014, the Government filed a motion for summary judgment. ECF No. 23. The Estate never responded.

II. Analysis

    A. The Government's Motion to Strike Answer for Lack of Standing and Frivolous Arguments

A person with an interest in seized property may contest forfeiture by filing a claim pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The claim must identify the property; the claimant and his interest in the property; be signed by the claimant under penalty of perjury; and be served on a Government attorney. Fed. R. Civ. P. Supp. G(5)(a)(i). Within 21 days of filing a claim, the claimant must file an answer to the complaint under Fed. R. Civ. P. 12. *See* Fed. R. Civ. P. Supp. G(5)(b).

Civil forfeiture claimants bear the burden of establishing Article III and statutory standing. *United States v. $487,825.00 in U.S. Currency,* 484 F.3d 662, 664 (3d Cir. 2007). Article III standing is established by "a mere colorable interest in the seized property." *United States v. $5,730.00 in U.S. Currency,* 109 Fed. Appx. 712, 713 (6th Cir. 2004). Statutory standing requires the claimant's compliance with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 983(a)(4). *See*

*United States v. $12,126.00 in U.S. Currency,* 337 Fed. Appx. 818, 820 (11th Cir. 2009).  Under Supplemental Rule G(8)(c), the Government may move to strike a claim for lack of statutory standing.

The Government argues that Latia Bowles lacks standing to make a claim because she has a contingent future interest in the defendant property, and the Estate is the only entity with a present interest in the property.  ECF No. 20 at 3-5.  Courts in this circuit have found that biological heirs with a future interest in defendant property lack standing in a forfeiture action because the estate is the only entity with a current interest in the property.  *See, e.g.*, *United States v. 12636 Sunset Avenue, Unit E-2,* 991 F. Supp. 2d 709, 711-13 (D. Md. 2014).  The Estate agreed that Latia Bowles lacked standing and requested leave to amend the answer.  ECF No. 21 at 2.

A court should freely permit parties to amend the pleadings absent "prejudice, . . . bad faith, or  . . . futil[ity]." *Sherwin-Williams Co. v. Coach Works Auto Collision Repair Ctr., Inc.,* No. WMN-07-CV-2918, 2010 WL 889543, at *2 (D. Md. Mar. 4, 2010).  Accordingly, the Court will grant the Estate's request to amend the answer and deny as moot the Government's motion to dismiss for lack of standing.

The Government also requests that the Court strike portions of the answer as frivolous. ECF No. 20 at 7. Because the Estate requested to amend the answer to remove the lack of jurisdiction and venue defenses, the Court will grant the Estate's request to amend and deny that portion of the Government's motion to strike as moot.

The Government also seeks to strike the Estate's statute of limitations, waiver, estoppel, and laches defenses as frivolous. ECF No. 20 at 7-8. The statute of limitations for a civil forfeiture action is two years "after the time when the involvement of the property in the alleged offense was discovered." 19 U.S.C. § 1621. The Government contends that because it filed the forfeiture action on August 9, 2011, and the Honda was searched on January 10, 2011, it is within the limitations period. ECF No. 20 at 8. Further the Government states that the estoppel, laches, and waiver defenses should be stricken because "[w]hen asked to explain th[ese] contention[s] by Interrogatory [], the Estate [] responded that it had no present information to support it, but might develop such information in discovery. Apparently, no such information has emerged." *Id.* at 9.

The Estate argues that the statute of limitations, waiver, estoppel, and laches defenses are not frivolous because the Government "did not identify a connection between the defendant

property and some specific criminal offense . . . ."  ECF No. 21 at 2.  "Because [] Bowles was neither arrested for a criminal offense nor prosecuted for any criminal offense, it remains impossible for the [Estate] to assess the timing of any alleged criminal enterprise."  *Id.*

The Estate's argument is without merit.  As the Eleventh Circuit reasoned in *United States v. Carrell*, 252 F.3d 1193 (11th Cir. 2001), "using the government's knowledge of the underlying drug crime as the beginning date for the limitations period of § 1621 would mean that, in many cases, the five-year limitations period would expire before the government's civil forfeiture rights accrued."  *Id.* at 1207 n.16.  The statute of limitations accrues on the date "the government discovered the connection of drug proceeds with or their use to purchase property."  *Id.*

Here, the Government discovered the defendant property on January 10, 2011.  ECF No. 20 at 1.  The Government filed this action on August 9, 2011.  ECF No. 1.
Accordingly, the Court will grant the motion to strike the Estate's defenses.

B. Counsel's Motion to Withdraw Appearance

Claimant's counsel has repeatedly attempted to contact Seale, and has not heard from Seale for more than six months.  ECF No. 22 at 2.  Counsel informed Seale that he would be

seeking to withdraw and asked her "to either contact his office immediately or act to obtain substitute counsel." *Id.*; *see* L.R. 101(2) ("[A]ppearance of counsel may be withdrawn only with leave of court and if . . . a written notice has been mailed to or otherwise served upon the client at least seven days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel."). Seale did not reply. *Id.* "Given the circumstances, [counsel] is not able to adequately represent the interests of the Estate of Nathan Bowles." *Id.* Accordingly, the Court will grant counsel's motion to withdraw appearance.

C. The Government's Motion for Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[8] In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

---

[8] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

trial." *Anderson,* 477 U.S. at 249. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [her] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government must prove that the seized property is subject to forfeiture. *See* 18 U.S.C. § 983(c) (2006). The Government contends that the defendant property is forfeitable under 21 U.S.C. § 881(a)(6) as "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

The Government asserts that it is entitled to summary judgment because the Estate failed to respond to its request for admissions. ECF No. 23 at 2.  The Government requested that the Estate admit that Bowles "had been engaged, for some period of time, in the buying and selling of marijuana . . .," that the defendant property "was intended to be used to purchase marijuana," and the defendant property "was derived in whole or in part from past sales of marijuana." ECF No. 23-1 at 1-2.

Under Federal Rule of Civil Procedure 36(a)(3), a matter is deemed admitted if the party to whom the request for admission is directed does not respond within 30 days of service.  The Estate never responded to the Government's requested admissions. Thus, it may be deemed admitted that the defendant property was derived from an illegitimate source and was going to be used to purchase drugs. *See* 21 U.S.C. § 881(a)(6).  Accordingly, the Court will grant the Government's motion for summary judgment. *See, e.g.*, *United States v. $67,775 in U.S. Currency*, Civ. No. WMN-10-3410, 2013 WL 4760975, at *1 (D. Md. Sept. 3, 2013) (granting summary judgment after claimant failed to respond to admissions); *United States v. $31,400 in U.S. Currency*, Civ. No. 10-1151, 2010 WL 5087867 at *2 (D.S.C. Dec. 7, 2010) (same).

III. Conclusion

For the reasons stated above, the Government's motion to dismiss will be granted in part and denied in part, counsel's motion to withdraw and the Government's motion for summary judgment will be granted.


_____10/30/14_____
Date

William D. Quarles, Jr.
United States District Judge